

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-25-00335-CV
_____

IN THE MATTER OF THE MARRIAGE OF ALBERT RAY GARCIA
AND PATRICIA MURGUIA GARCIA

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 85317A, Honorable Dee Johnson, Presiding

June 29, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

In this divorce case, appellant Patricia Murguia Garcia raises two issues challenging the trial court's division of property. We affirm the judgment.

BACKGROUND

Not long after their first marriage ended in divorce in May of 2021, Albert Ray Garcia and Patricia Murguia Garcia reconciled and decided to live together again. On July 9, 2021, Albert paid the full purchase price of a house on Lobelia Place in Amarillo.[1]

---

[1] For clarity, we will refer to the parties by their given names.

The deed to the property names both Albert and Patricia as grantees. The parties moved into the house on Lobelia Place together and later, in September of 2022, they married a second time. No children were born to either marriage.

Approximately three months after they were married, they opened a joint bank account. The initial $250,000 deposit into the account was made by Albert, who used funds from a retirement account that he owned prior to the parties' marriage. During the course of the marriage, Albert's paychecks, pension payments, and Social Security benefits, totaling more than $7,000 per month, were deposited into the joint account. Some of Patricia's paychecks, which were for approximately $1,500 every two weeks, were also deposited into the account.[2] The funds in the account were used to pay the parties' living expenses, dining out, and vacations. In addition, Patricia withdrew $1,000 from the account every month, even when she was not working, to make payments on the house she owned prior to the marriage.[3] In May of 2024, the parties divided the money in the joint account. In two separate transactions, Albert withdrew a total of $204,590, placing the money in a separate account for himself. Patricia withdrew the amount of her last paycheck, some $700 or $800.

The parties separated in August of 2024 and Albert filed a petition for divorce on August 22. He subsequently amended his petition, adding a request for the partition of the Lobelia Place property. Patricia requested that both the bank account and the Lobelia

---

[2] Neither party was employed full-time for the duration of the marriage. Testimony indicated that Albert, who was retired from a previous job, worked for approximately one year, while Patricia worked sporadically for a few months.

[3] This property was confirmed as Patricia's separate property in the final decree of divorce.

Place property be divided "50/50." Following a final hearing in April of 2025, the trial court entered its *Final Decree of Divorce* on August 20, 2025. In its division of the marital estate, the trial court awarded to Albert $204,590 from the joint account. The trial court also partitioned the property on Lobelia Place, allocating 100 percent to Albert.

Patricia requested findings of fact and conclusions of law, which the trial court entered. Patricia then brought this appeal, in which she asserts that the trial court erred in its division of the parties' joint bank account and its award of the real property on Lobelia Place to Albert.

**ANALYSIS**

Division of Joint Bank Account

By her first issue, Patricia contends that the trial court erred in awarding a disproportionate amount of the parties' joint bank account to Albert. A trial court's division of a marital estate is reviewed for abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).

A trial court divides the parties' community property "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE § 7.001. A division does not need to be equal to be "just and right." *Murff*, 615 S.W.2d at 698–99; *LaFrensen v. LaFrensen*, 106 S.W.3d 876, 878 (Tex. App.—Dallas 2003, no pet.). Broad discretion governs division of the community

3

estate, and all reasonable presumptions are indulged in favor of such discretion. *Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.).

However, there must be some reasonable basis for an unequal division of the property. *O'Carolan v. Hopper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.) (op. on reh'g). The trial court may consider a number of factors in making its division, such as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial conditions and obligations, disparity of ages, size of separate estates, and the nature of the property. *Murff*, 615 S.W.2d at 699. A party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *Slicker v. Slicker*, 464 S.W.3d 850, 858 (Tex. App.—Dallas 2015, no pet.).

Patricia's complaint concerns only the division of the joint bank account and does not consider the other assets and liabilities that were also divided. She also fails to give consideration to other factors, such as the parties' ages, physical condition, financial condition, earning capacity, separate estates, and future needs for support. Patricia does not argue that the property division, when all assets and debts are considered, was so unequal as to affect the just and right division of the community estate. She instead claims that, because the joint account had commingled funds and Albert's funds were not properly traced, the trial court erred in awarding the bulk of the funds to Albert.

4

The trial court heard evidence that Albert contributed a significant amount of his retirement savings to open the joint account. The parties were married for less than two years, during which time they both contributed to and spent from the joint account. The trial court awarded Albert a personal vehicle, boat, and recreational vehicle, and Albert was responsible for the debt on all three assets. Patricia was awarded a personal vehicle and the debt on that vehicle. Albert is more than ten years older than Patricia, retired from the workforce, and being treated for cancer.

Indulging all reasonable presumptions in favor of the trial court's decision, we conclude that the division of the bank account was not so unjust and unfair as to constitute an abuse of discretion. *See Hailey v. Hailey*, 176 S.W.3d 374, 381–82 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding trial court did not abuse discretion in awarding disproportionate amount of community estate to wife when record contained some evidence supporting unequal division). We overrule Patricia's first issue.

Partition of Real Property

In resolving the partition claim, the trial court allocated a 100 percent interest in the Lobelia Place property to Albert "because [he] fully funded the purchase using his separate property funds and [Patricia] contributed nothing to the purchase, maintenance, or improvement of the property." By her second issue, Patricia claims that the trial court erroneously divested her of her one-half separate property interest in the property.

The evidence established that Albert and Patricia acquired their interests in the Lobelia Place property prior to marriage, making those interests their separate property. *See* TEX. FAM. CODE § 3.001 (all property that spouse owned or claimed before marriage

5

is that spouse's separate property); *Jensen v. Jensen*, 665 S.W.2d 107, 109 (Tex. 1984) (op. on reh'g) (separate or community character of property is determined by inception of title to property). Although a trial court may not divest a party of her separate property by a divorce decree, *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977), a trial court may consider a partition action concurrently with a divorce proceeding, as the trial court did here. *See Halamka v. Halamka*, 799 S.W.2d 351, 354 (Tex. App.—Texarkana 1990, no writ) (in divorce action where parties held property as joint owners, it was appropriate for trial court to apply partition principles). When a party seeks partition, the trial court "shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise." TEX. R. CIV. P. 760.

A trial court's partition of property is governed by rules of equity. *McGehee v. Campbell*, No. 01-08-01023-CV, 2010 Tex. App. LEXIS 2306, at *7–8 (Tex. App.—Houston [1st Dist.] Mar. 25, 2010, no pet.) (mem. op.). "In matters of equity, we review the court's decision for an abuse of discretion." *Williams v. Mai*, No. 01-11-00611-CV, 2012 Tex. App. LEXIS 10513, at *10 (Tex. App.—Houston [1st Dist.] Dec. 20, 2012, no pet.) (mem. op.) (citing *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428–29 (Tex. 2008)).

Where a deed names more than one grantee and the interest of each grantee is not stated, a rebuttable presumption arises that each of the grantees is vested with title to an equal undivided interest in the property. *Zephyr v. Zephyr*, 679 S.W.2d 553, 556 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). This presumption can be rebutted by showing that the grantees did not furnish consideration in equal shares. *Id.* For Albert

6

to establish that he owned more than a one-half interest in the property under the July 9, 2021 deed, he had the burden to prove that he contributed a greater amount to the purchase price.

The evidence established, and the trial court found, that Patricia made no financial contribution of any kind toward the purchase of the Lobelia Place property.[4]  Patricia has not challenged any of these findings on appeal.  The record supports the determination that the parties did not own the Lobelia Place property in equal shares.

Patricia also asserts that the property "must have been a gift at the time of purchase."  The purchase of the Lobelia Place property was not made during the parties' marriage and was not a transfer from one spouse to another, so no presumption of a gift arose.  *See Cockerham v. Cockerham*, 527 S.W.2d 162, 168 (Tex. 1975) (presumption of gift arises when spouse uses separate property to buy land and takes title in other spouse's name); *Pearson v. Pearson*, No. 03-13-00802-CV, 2016 Tex. App. LEXIS 443, at *18 (Tex. App.—Austin Jan. 15, 2016, no pet.) (mem. op.) (presumption of gift arises when spouse transfers property to other spouse).  Moreover, Albert testified that "it was not a gift."  The trial court found Albert's testimony that he had no intent to make a gift to be credible.  We defer to the trial court's factual resolutions and any credibility determinations, and we may not substitute our judgment for the trial court's in those matters.  *See Murff*, 615 S.W.2d at 700.

---

[4] The trial court also found that Patricia did not pay for any improvements to the property and that Albert paid all taxes on the property.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in ordering a partition that awarded 100 percent of the Lobelia Place property to Albert. We overrule Patricia's second issue.

## CONCLUSION

Having overruled both of Patricia's appellate issues, we affirm the judgment of the trial court.


Judy C. Parker
Chief Justice